

# NUMBERS 13-11-00043-CR & 13-11-00044-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARK CLINTON JOHNSON,                    **Appellant,**

**v.**

THE STATE OF TEXAS,                        **Appellee.**

**On appeal from the 252nd District Court
of Jefferson County, Texas.**

# MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant, Mark Clinton Johnson, appeals his two convictions for burglary of a habitation, a second-degree felony. *See* Tex. Penal Code Ann. § 30.02(a)(3)(c)(2) (West 2005).[1] In each case, pursuant to a plea-bargain agreement, appellant pleaded guilty to the offense and was placed on deferred-adjudication community supervision for

---

[1] This case is before this Court on transfer from the Ninth Court of Appeals in Beaumont, Texas, pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* Tex. Gov't Code Ann. § 73.001 (West 2005).

a period of ten years.  Subsequently, the State filed a motion to revoke community supervision and to adjudicate guilt.  At the revocation hearing in each case, appellant pleaded "true" to multiple violations of his community-supervision conditions.  Accordingly, in each case, the trial court revoked community supervision, adjudicated appellant guilty of burglary of a habitation, and sentenced him to a term of fifteen years of confinement in the Texas Department of Criminal Justice.  The sentences were ordered to run concurrently.  In each case, the trial court certified appellant's right to appeal and appellant timely perfected appeal.  As discussed below, appellant's court-appointed counsel has filed an *Anders* brief in each case.  We affirm.

## I.  *ANDERS* BRIEF

Pursuant to *Anders v. California,* 386 U.S. 738, 744 (1967), in each case, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated.   In each case, counsel's brief meets the requirements set forth in *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.   *See In re Schulman,* 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel carefully discussed why, under controlling authority, there

are no reversible errors in the trial court's judgments. In each case, counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and to file a pro se response.[2] *See Anders,* 386 U.S. at 744; *Stafford,* 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed and appellant has not filed a pro se response in either case. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record in each case and counsel's briefs and have found nothing that would arguably support an appeal. *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. In each case, there is no reversible error in the record. Accordingly, the judgments of the trial court are affirmed.

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney asked this Court for permission to withdraw as counsel for appellant in both cases. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)). We grant counsel's motions to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review in each case.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of July, 2011.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of either or both cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review in either or both cases. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3, 68.7. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* Tex. R. App. P. 68.4.